**Rubila De Maria OSORIO–VASQUEZ and Matilde Alejandra Herrera Osorio, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–70771.

Agency Nos. A70–945–931, A76–356–079.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2004.*

Decided Jan. 16, 2004.

---

Matilde Alejandra Herrera, pro se, Rubila De Maria Osorio Vasquez, pro se, Inglewood, CA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Richard M. Evans, Esq., Michele Y.F. Sarko, Attorney, Allen W. Hausman, Attorney, U.S. Department of Justice, Washington, DC, for Respondent.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Rubila De Maria Osorio–Vasquez and Matilde Alejandra Herrera Osorio, mother and daughter, natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") order denying their application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Petitioners challenge the Immigration Judge's ("IJ") adverse credibility determination. However, the adverse credibility determination made by the IJ and affirmed by the BIA is supported by specific and cogent explanations that "go to the heart of the asylum claim." *Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003) (quotation marks and citation omitted). It follows that the IJ's decision is supported by substantial evidence. See *id.* at 992.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Furthermore, even if petitioner Osorio–Vasquez testified truthfully, a reasonable fact finder would not be compelled to conclude that her story establishes past persecution or a well-founded fear of future persecution on account of any of the five protected grounds. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Finally, petitioners' argument that the BIA violated their due process rights by affirming the IJ without opinion is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 851 (9th Cir.2003) (stating that it is not a due process violation for the BIA to affirm the IJ's decision without issuing an opinion because the IJ's decision becomes the final agency action which is then reviewed directly by this Court).

PETITION DENIED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.